IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JIMMY LEE RHODES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-115 |
| | ) | |
| JOSHUA JONES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Hays State Prison in Trion, Georgia, brings the above-captioned case pursuant to 28 U.S.C. § 2254. Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

## I.    BACKGROUND

On March 6, 2003, a Columbia County jury convicted Petitioner of multiple counts of murder, armed robbery, possession of a firearm during the commission of a crime, and burglary. (Doc. no. 1, p. 1); see also Columbia Cnty. Clerk of Court Web Docket, available at columbiaclerkofcourt.com/mainpage.aspx (follow "Criminal Search" hyperlink; then search for Case # 2000CR0626, select "Rhodes, Jimmy Lee," last visited June 25, 2025), Ex. B attached; United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). On March 18, 2003, the trial court sentenced Petitioner to life imprisonment without

the possibility of parole.  (Doc. no. 1, p. 1.)  Following trial and sentencing, Petitioner filed several motions for new trial, which the trial court ultimately denied on June 11, 2019.  <u>See</u> Ex. B.  On January 4, 2021, Petitioner filed a motion for out of time appeal, which was granted on August 10, 2021.  <u>Id.</u>  Petitioner then directly appealed to the Supreme Court of Georgia, and on April 19, 2022, the Georgia Supreme Court vacated and remanded the appeal.  <u>See</u> Supreme Court of Georgia Docket System, available at https://www.gasupreme.us/docket-search/ (search by case number for "S22A0232," last visited June 25, 2025); Ex. C attached.[1] Thereafter, the trial court dismissed Petitioner's motion for out-of-time appeal on May 9, 2022. <u>See</u> Ex. B.

On June 15, 2020, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Chattooga County.  (<u>See</u> doc. no. 1, p. 3); <u>see also</u> Chattooga Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Party Name, Individual" in Chattooga County Superior Court; then search for "Rhodes, Jimmy Lee"; and open 2020CA43772, last visited June 25, 2025), Ex. A attached; (<u>see</u> <u>also</u> doc. no. 1, p. 3).  Petitioner states his state habeas petition remains pending, (doc. no. 1, pp. 3, 12), and publicly available

---

[1] Petitioner describes the result of this direct appeal as "[j]udgment [a]ffirmed" in his § 2254 petition. (Doc. no. 1, p. 2.)  However, publicly available records reveal the direct appeal was vacated and remanded on April 19, 2022.  <u>See</u> Ex. C.  Thereafter, the remittitur was issued on May 5, 2022, and on May 9, 2022, the trial court entered an order dismissing Petitioner's motion for out-of-time appeal.  <u>See</u> Ex. B. Based on the foregoing, although there is no publicly available Georgia Supreme Court decision to review, it appears this Georgia Supreme Court decision vacated the granted out-of-time appeal and directed the trial court to dismiss this motion.  Indeed, at this time, the Georgia Supreme Court had recently eliminated motions for out-of-time appeals as a cognizable remedy in Georgia.  <u>See</u> <u>Cook v. State</u>, 313 Ga. 471 (2022). The <u>Cook</u> decision applied its holding to pending out-of-time appeals and explained "trial court orders that have decided [out-of-time appeal] motions on the merits—like the one in this case—should be vacated if direct review of the case remains pending or if the case is otherwise not final."  <u>Id.</u> at 505.  Nonetheless, this discrepancy between the petition and publicly available records need not delay the Court because regardless of whether the direct appeal was affirmed or vacated and remanded, the instant § 2254 petition is unexhausted for the reasons described in Section II.B <u>supra</u>.

records confirm the state habeas action has not yet been decided, see Ex. A. Petitioner also notes his state "habeas corpus evidentiary hearing [is] still pending. (Doc. no. 1, p. 6.)

Petitioner executed the instant federal habeas corpus petition on May 12, 2025. (Doc. no. 1, p. 15.) Petitioner left the grounds for relief section blank, and under the section about timeliness of his petition, he wrote "[i]n order to [a]void a miscarriage of justice. (Doc. no. 1, pp. 5-11, 13.)

## II.  DISCUSSION

### A.    The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with

equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B.    Petitioner Failed to Exhaust State Remedies

Petitioner concedes he currently has a state habeas corpus petition pending in the Superior Court of Chattooga County.  (Doc. no. 1, pp. 3, 12); see also Ex. A.  Thus, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging his sentence or modifications to that sentence, resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the

face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[2]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Here, there is no indication of unreasonable delay or refusal to address a claim such that this Court should disregard the exhaustion requirement. Although Petitioner filed his state habeas petition on June 15, 2020, (doc. no. 1, p. 3), he has not alleged or offered any evidence of undue delay in his state proceedings. Indeed, he left the form sections about grounds raised in his § 2254 habeas corpus petition blank. (See generally id.) Allowing Petitioner to simultaneously pursue writs in both state court and federal court would clearly violate principles of comity. See Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983) (dismissing a § 2254 petition where the petitioner had appeal regarding the same claim ongoing in a Florida

---

[2] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

state court).  As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts "one full opportunity" to address his claims.[3]

**III.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of June, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Because it is clear Petitioner has state collateral relief proceedings pending, the Court declines to reach the issue of timeliness of the current, or any future, federal petition under AEDPA's one-year statute of limitations.  See 28 U.S.C. § 2244(d).