IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JIMMY LEE RHODES, | * | |
| Petitioner, | * | |
| v. | * | CV 125-115 |
| JOSHUA JONES, Warden, | * | |
| Respondent. | * | |

**O R D E R**

The case at bar is closed. (Doc. 8.) Petitioner filed this motion titled "Motion for Application for Reconsideration of the Denial to Issue a Certificate of Appealability" in response to the Court's July 30, 2025 Order (the "Order") denying a certificate of appealability ("COA") and closing this case (Doc. 8). (Doc. 10.) The Court considers Petitioner's motion as a motion for reconsideration and **DENIES** it for the reasons set forth below.

The relevant background is set forth in the Magistrate Judge's Report and Recommendation ("R&R"). (See Doc. 6.) In his motion, Petitioner details the "handicap of conducting his case from prison, due to all the un-expected long-term lockdowns," as well as his general difficulties with medical conditions and timely receiving mail. (Doc. 10, at 1-2.) Otherwise, Petitioner provides

no legal arguments to support his request for reconsideration and the motion contains no additional evidence relating to the claims.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission).

2

Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Petitioner fails to note under which rule he brings this action; as such, it is up to the Court to determine. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Petitioner filed his motion nineteen days following entry of the Order; thus, the Court analyzes Petitioner's motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States,

No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

Petitioner did not file any objections to the R&R, so the Court adopted it in its July 30, 2025 Order. (Doc. 8.) Petitioner's current statements do not change this decision. Petitioner does not satisfy the requirements for reconsideration because he has not shown a change in controlling law, that new evidence has become available, or that there is a need to correct clear error or prevent manifest injustice. For these reasons, Petitioner's motion for reconsideration (Doc. 10) is **DENIED**. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of October, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA